UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HEATHER D. | : | |
| | : | |
| v. | : | C.A. No. 23-00122-LDA |
| | : | |
| KILOLO KIJAKAZI, Commissioner | : | |
| Social Security Administration | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on March 27, 2023, seeking to reverse the Decision of the Commissioner. On September 6, 2023, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 12). On October 4, 2023, Defendant filed a Motion to Affirm the Commissioner's Decision. (ECF No. 14). Plaintiff elected not to file a Reply Brief.

Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, Plaintiff's Motion to Reverse (ECF No. 12) is DENIED and the Commissioner's Motion to Affirm (ECF No. 14) is GRANTED.

**I.  PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on March 9, 2021 (Tr. 219-220) alleging disability since February 1, 2021. The application was denied initially on May 27, 2021 (Tr. 111-120) and on reconsideration on August 19, 2021. (Tr. 122-132). Plaintiff requested an

Administrative Hearing. On December 16, 2021, a hearing was held before Administrative Law Judge Paul Goodale (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 34-89). The ALJ issued an unfavorable decision to Plaintiff on April 27, 2022. (Tr. 7-23). The Appeals Council denied Plaintiff's request for review on January 23, 2023. (Tr. 1-3). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ's RFC assessment is deficient and that the ALJ erred in his reliance on the opinions of the State Agency Consulting Physicians.

The Commissioner contends that the ALJ correctly applied the law and, because his findings are supported by substantial evidence, they must be affirmed.

## III.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of

HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four

remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.     Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence. The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone. See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers). 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors. Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5)

(emphasis supplied).  Of the five factors, the "most important" are supportability and consistency.  Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors.  Id. §§ 404.1520c(b)(2), 416.920c(b)(2).  Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors.  Id. §§ 404.1520c(b)(3), 416.920c(b)(3).  In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis."  Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel.  Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d).  And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists.  Id. §§

404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

### B.   Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.   Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the

ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.     The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination

of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional

impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

    1.    **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

  (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

  (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;

  (4) Treatment, other than medication, for relief of pain;

  (5) Functional restrictions; and

  (6) The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either

explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).  Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017).  It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings.  SSR 16-3p, 2017 WL 4790249, at *49465.

V.   **APPLICATION AND ANALYSIS**

A.   **The ALJ's Decision**

The ALJ decided this case adverse to Plaintiff at Step 5.  The ALJ determined at Step 2 that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, cervical spine disorder, asthma, obesity, depressive disorder, anxiety disorder, and post-traumatic stress disorder (PTSD).  (Tr. 13).  The ALJ found Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b), but with the following additional limitations:

- She is restricted to standing and walking for up to four hours in an eight-hour workday, and sitting for six hours in an eight-hour workday;
- She can occasionally stoop, crouch, crawl, and kneel;
- She can occasionally climb ramps or stairs;
- She can never climb ladders, ropes, and scaffolds;

- She must avoid concentrated exposure to extreme cold, heat, wetness, and moderate humidity;

- She can have no more than minimal exposure to fumes, odors, dusts, gases, and poorly ventilated areas;

- She must avoid even moderate exposure to workplace hazards, machinery (excluding motor vehicles), unprotected heights, etc.;

- She is limited to simple, routine, repetitive tasks in a work environment free of fast-paced production requirements involving simple work-related decisions;

- There must be few, if any, workplace changes; and,

- She is limited to occasional contact with the general public and superficial contact with coworkers.

(Tr. 16, 78-79).

The ALJ found at Step 4 that Plaintiff could not perform her past relevant work. (Tr. 21). However, the ALJ determined at Step 5 that there were other occupations existing in significant numbers that Plaintiff could perform considering her age, education, work experience, and RFC. (Tr. 22). Thus, the ALJ concluded that Plaintiff was not disabled. (Tr. 23).

### B. Plaintiff Has Shown No Error in the ALJ's RFC Assessment

Plaintiff challenges the ALJ's RFC assessment. She contends that the ALJ erred by excluding the need for frequent breaks and the need to account for excessive absenteeism and work interruptions. (ECF No. 12-1 at p. 14). Plaintiff identifies her testimony as the support for the need for breaks (Tr. 55-57, 62, 302, 305) and the opinion of her treating therapist for the absenteeism. (Tr. 798-799). She asserts that the ALJ erred by failing to fully consider all of her limitations resulting from her impairments, even those that are not

"severe." (ECF No. 12-1 at p. 14). Plaintiff's position is unsupported and is effectively an improper request that the Court reweigh the record in a manner more favorable to Plaintiff.

The ALJ properly addressed Plaintiff's allegations regarding concentration and her need for breaks. The ALJ cited the cognitive testing performed by Dr. Alex Turchetta in September 2019 which showed that Plaintiff's working memory, which tests a person's ability to concentrate, attend, and exert mental control, was average. (Tr. 15). The ALJ also noted that treatment records did not document significant deficits in concentration, citing records that Plaintiff was attentive and focused during treatment sessions. Id. (citing Tr. 543, 770, 856). In addition, the ALJ properly relied on the State Agency Psychological Consultants, Dr. Killenberg and Dr. Hughes, (Tr. 19), who also considered Plaintiff's concentration and found that, although there were some limitations, Plaintiff's statements about her ability to concentrate were not substantiated by the objective medical evidence. (Tr. 115, 127). For example, Dr. Killenberg noted Plaintiff was "focused and attentive" with no memory impairment based on her review of mental status exams contained in Plaintiff's medical records. (Tr. 115, 118).

As previously noted, Plaintiff relies exclusively upon her treating therapist's opinion and her own testimony to support greater absenteeism and concentration-related RFC limitations. Medical opinions are assessed for persuasiveness using a number of factors, the most important of which are supportability and consistency. 20 C.F.R. § 404.1520c. Supportability is "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5853 (Jan. 18, 2017). Consistency is "the extent to which the opinion is consistent with the evidence from other

medical sources and nonmedical sources…. Id. Applying those factors, the ALJ determined that the therapist's opinion was only partially persuasive. (Tr. 20).[1]

The ALJ also found, based on the totality of the record, that Plaintiff had no issues with memory, thought process, thought content, or cognition. (Tr. 21). Thus, even if the therapist's opinion supported greater functional limitations than assessed by the ALJ, such limitations are neither supported by nor consistent with the record. For example, in her progress notes from January 4, 2021, the therapist indicated Plaintiff's thought processes were coherent, logical, and appropriate; she also did not indicate any impairment in Plaintiff's attention and concentration. (Tr. 486, 487). Likewise, in her progress notes dated February 2, 2021, the therapist indicated Plaintiff had coherent, logical, and appropriate thought process with intact thought content. (Tr. 503). And again, she did not document any problems with Plaintiff's attention and concentration. (Tr. 505). The ALJ cited to numerous progress notes, all with similar content, (Tr. 20), thus, showing the therapist's opinion was not "supported by relevant objective medical evidence." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5853; 20 C.F.R. § 404.1520c(c)(1).

Furthermore, the therapist's opinion was inconsistent with "evidence from other medical sources," such as the State Agency Psychological Consultants, which the ALJ found persuasive. (Tr. 19-20); 20 C.F.R. § 404.1520c(c)(2). For instance, the therapist's opinion that Plaintiff would miss more than three days of work per month, (Tr. 799), is inconsistent with Dr. Killenberg's finding that Plaintiff could "carry out simple tasks for two hour periods over an 8 hour day/40 hour week," (Tr. 118 (emphasis added)). State Agency Consultants,

---

[1] The ALJ actually found that Plaintiff was more limited in terms of interacting with supervisors and coworkers than the therapist assessed. (Tr. 20-21).

like Dr. Killenberg, are tasked with assessing the Claimant's capacity to sustain work over a normal workday and workweek on an ongoing basis. To do otherwise would, of course, provide no insight into a claimant's actual functional capacity. The Agency's Program Operations Manual System (POMS) directs adjudicators to "consider a claimant's ability or inability to sustain a 40 hour workweek; advising that '[i]nability to sustain a 40-hour workweek is an RFC finding.'" Christopher B. v. Kijakazi, No. 1:22-cv-00333-NT, 2023 WL 5949446, at *4 (D. Me. Sept. 13, 2023) (citing POMS DI § 24510.057(B)(1)-(2), (4)), R. & R. adopted, 2023 WL 6390661 (D. Me. Oct. 2, 2023). Here, neither Dr. Killenberg nor Dr. Hughes found any attendance-related limitations after reviewing the record. (Tr. 118, 129).

Plaintiff argues that the ALJ addressed only the social limitations and "neglected to address" the frequent absenteeism and impaired concentration limitations in the therapist's opinion. (ECF No. 12-1 at p. 15). However, the applicable Regulations only require source-level, not limitation-level, discussion of an opinion's persuasiveness. 20 C.F.R. § 404.1520c(b)(1). Regardless, the ALJ's Decision addresses evidence bearing directly on Plaintiff's ability to concentrate and maintain attendance. (Tr. 20).

Plaintiff next argues that the ALJ "dismissively rejected" the opinion of treating physician Dr. Harris. (ECF No. 12-1 at p. 16). The ALJ did not entirely reject Dr. Harris' opinion, and, in fact, found it partially persuasive. (Tr. 20). More precisely, the ALJ found the portion of the opinion that Plaintiff could sit, stand, and walk for zero hours unpersuasive as it was unsupported and inconsistent with the record. Id. From a common-sense perspective, Dr. Harris appears to opine that Plaintiff literally cannot sit or stand for any amount time at once. There is no evidence in the record to support such an extreme finding.

And, as the ALJ accurately found, it is inconsistent with Plaintiff's testimony that she could sit for thirty to forty minutes before needing to walk around for about ten minutes. (Tr. 56). She also testified that she could stand for twenty to thirty minutes at one time, and she could walk for longer than that by going at her own pace. (Tr. 56-57).

In sum, the ALJ's evaluation of the medical-opinion evidence and resulting RFC is supported by substantial evidence, free of legal error, and must be affirmed.

### C. Plaintiff's Argument Regarding the ALJ's Reliance on the State Agency Physicians is Completely Undeveloped and Unsupported

Plaintiff devotes two pages of her Brief to the argument that the ALJ's reliance on the opinions of the State Agency Physicians was "entirely misplaced." (ECF No. 12-1 at pp. 16-18). However, Plaintiff's argument is conclusory and primarily boilerplate. Plaintiff appears to begin an attempt to articulate an argument based on the facts at hand in the last paragraph of her Brief, but the argument is never explained and ends with an incomplete sentence. Id. at p. 18. Even if the argument was fleshed out, it is a non-starter. The ALJ's finding that the State Agency Physician opinions are persuasive is adequately supported by the record, including the diagnostic testing and objective evidence. (Tr. 19).

### CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 12) is DENIED and the Commissioner's Motion to Affirm (ECF No. 14) is GRANTED. Final Judgment shall enter in favor of Defendant.

SO ORDERED

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 8, 2023